IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT EVANS MAHLER, | Civ. No. 6:25-cv-02353-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| STRAIGHT TALK, INC.; TRACFONE WIRELESS, INC.; VERIZON COMMUNICATIONS, INC.; WALMART, INC.; DOES 1–10, | |
| Defendants. | |

AIKEN, District Judge:

Self-represented Plaintiff Robert Evans Mahler brings federal and state claims against Defendants Straight Talk, Inc.; Tracfone Wireless, Inc.; Verizon Communications, Inc.; Walmart Inc.; and Does 1–10.  *See* Compl., ECF No. 1. Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons set forth below, Plaintiff's claim is DISMISSED with leave to amend and without service on Defendants.  Plaintiff's IFP Petition, ECF No. 1, is DENIED with leave to refile with the proper form and with disclosure of the required information.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee.  28 U.S.C. § 1914(a).  However, the federal IFP

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* or self-represented pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by self-represented plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a self-represented litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

When assessing an IFP petition, the Court first must determine whether the plaintiff has made a sufficient showing of indigency. Here, Plaintiff failed to complete and submit the court-provided IFP application and he also failed to provide the information needed to make a proper IFP determination. Plaintiff's IFP petition is denied with leave to re-file using the proper document.

With regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the

claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pleadings by self-represented plaintiffs are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff brings several claims against corporate defendants: Violation of First Amendment Rights, Compl. ¶¶ 10–16; Breach of Contract, *id.* ¶¶ 17–21; Violation of Oregon Unlawful Trade Practices, ORS 646.608, *id.* ¶¶ 22–24; Violation of the Communications Act, 47 U.S.C. § 201(b), *id.* ¶¶ 25–27; Negligence, *id.* ¶¶ 28–31; Intentional Infliction of Emotional Distress, *id.* ¶¶ 32–37; Conspiracy, *id.* ¶¶ 39–41; Theft, *id.* ¶¶ 42–45. Plaintiff alleges that "[o]n or about November 13, 2025,

Defendant(s) wrongfully deactivated, restricted, and blocked Plaintiff's phone number/account without notice or valid justification." Compl. ¶ 7. Plaintiff alleges that his phone was deactivated because of a "device restriction" "for allegedly expressing disfavored viewpoints on political or social issues, including texts, and exploring various websites" and because of a finding of "insufficient funds." *Id.* ¶¶ 13(a),(b), 14.

I.  *Failure to State a Federal Claim*

Plaintiff brings two federal claims: (1) violation of First Amendment rights; and (2) violation of the Communications Act, 47 U.S.C. § 201(b), for an "unfair practice." But Plaintiff fails to allege sufficient basis to bring his federal claims.

First, a plaintiff may bring a claim for First Amendment violations under 42 U.S.C. § 1983. But to bring such a claim, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Private citizens including private corporations are generally not liable under section 1983 because they do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). An exception can be made if the private citizen conspires with a state actor or is jointly engaged with a state actor when undertaking a prohibited action. *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Here, Defendants are private corporations, not state actors. And Plaintiff does not allege that any Defendant conspired or acted in concert with a state actor.

Plaintiff's allegations thus fail to state a claim under section 1983. This is true even when the Court liberally construes Plaintiff's *pro se* complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Second, Plaintiff cannot bring a claim for an "unfair practice" under the Communications Act, 47 U.S.C. § 201(b), because the Act does not provide a basis for a private individual to sue. Under the Act, only the Federal Communications Commission ("FCC") can determine "whether a particular practice constitutes a violation for which there is a private right to compensation." *N. Cnty. Commc'ns Corp. v. California Catalog & Tech.*, 594 F.3d 1149, 1158 (9th Cir. 2010); *In re Long Distance Telecommunications Litig.*, 831 F.2d 627, 631 (6th Cir. 1987) ("This [charge of unreasonable practices] is a determination that 'Congress has placed squarely in the hands of the [FCC].'").

For these reasons, Plaintiff fails to allege sufficient basis to bring his federal claims.

II.    *Subject Matter Jurisdiction*

Plaintiff' fails to state adequate basis for the Court to exercise subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are presumed to lack subject matter jurisdiction over a case, and the plaintiff bears the burden of showing otherwise. *Id.* Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the

United States Constitution and Congress. *See id.*; *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc).

Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases; and (2) "diversity of citizenship" cases. A "federal question" case involves the Constitution or a federal law or treaty. *See* 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. *See* 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint, whether upon the motion of a party or on its own. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(h)(3).

The party seeking the exercise of jurisdiction must allege sufficient facts in his complaint to establish jurisdiction. *Fifty Assoc. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). "Existence of diversity jurisdiction is determined by the citizenship of the parties at the time of the filing of the complaint[.]" *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986). Here, Plaintiff alleges state claims against corporate defendants in federal court on the basis of diversity jurisdiction but fails to allege sufficient facts to show complete diversity of the parties.

When a plaintiff represents themselves as a *pro se* litigant, their complaints must be "liberally construed" and held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations

omitted). "For example, pro se litigants are held to less stringent pleading standards for satisfying diversity jurisdiction." *Towner v. A Place for Rover Inc.*, No. 2:25-CV-00553-JNW, 2025 WL 3013580, at *2 (W.D. Wash. Oct. 28, 2025) (citing *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 794 (9th Cir. 1986)). Even so, "the court should not supply essential elements of the claim that were not initially pled." *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) (courts "should not have to serve as advocates for *pro se* litigants[,]" and a litigant proceeding *pro se* does so "with no greater rights than a litigant represented by a lawyer[.]"). "[I]t is axiomatic that *pro se* litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) (citations omitted).

Here, Plaintiff has not alleged sufficient facts in his Complaint to establish that the parties are completely diverse, which is required to establish subject matter jurisdiction on the basis of diversity. And, as explained above, Plaintiff has also not sufficiently alleged a basis for this Court to establish federal question jurisdiction. However, Plaintiff may bring his state law claims in state court.

Without sufficient facts to establish federal jurisdiction either on the basis of diversity or federal question, the Court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). Here, the

Court will dismiss Plaintiff's Complaint with leave to amend even though it is unlikely that the Complaint's deficiencies can be cured.

## CONCLUSION

For the reasons set forth above, Plaintiff's IFP petition, ECF No. 2, is DENIED, with leave to refile using the proper form. Plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend but without service on Defendants. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this __13th__ day of January 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge