IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


ROBERT EVANS MAHLER,                                    Civ. No. 6:25-cv-02353-AA

               Plaintiff,                         **OPINION & ORDER**

     v.

STRAIGHT TALK, INC.; TRACFONE
WIRELESS, INC.; VERIZON
COMMUNICATIONS, INC.;
WALMART, INC.; DOES 1–10,


               Defendants.

_____

AIKEN, District Judge:

Self-represented Plaintiff Robert Evans Mahler brings federal and state claims against Defendants Straight Talk, Inc.; Tracfone Wireless, Inc.; Verizon Communications, Inc.; Walmart Inc.; and Does 1–10. *See* Compl., ECF No. 1. Plaintiff returns to the Court with a Motion for Extension of Time to file a proper IFP application and to amend his Complaint. *See* ECF No. 9. Plaintiff also files a Motion to Recuse, ECF No. 8. For the reasons explained below, Plaintiff's Motion for Extension of Time, ECF No. 9, is GRANTED, and his Motion to Recuse, ECF No. 8, is DENIED. Plaintiff shall have 14 days to file a proper IFP application and to amend his Complaint.


Page 1 – OPINION & ORDER

## DISCUSSION

Self-represented Plaintiff returns to the Court after having failed to file a proper IFP application and after failing to amend his Complaint within the thirty days allotted by the Court. *See* Opinion & Order, ECF No. 7. Because *pro se* or self-represented pleadings are held to less stringent standards than pleadings by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court grants Plaintiff's Motion for additional time to file the IFP application and to amend his Complaint. On February 3, 2026, when Plaintiff filed the Motion for Extension of Time, Plaintiff requested an additional 60 days. Several months have passed. The Court grants Plaintiff 14 more days to file his IFP application and amend his Complaint.

Plaintiff also returns to the Court with a Motion to Recuse the Honorable District Judge Ann Aiken from Plaintiff's case. As an initial matter, the Motion is properly before the Court, as the Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (citing *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978)). If the affidavit that accompanies the motion is legally insufficient, then recusal can be denied. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995).

The Court has reviewed Plaintiff's Recusal Motion. The Motion is not accompanied by an affidavit. Even so, taking the Motion's recited facts as true, the motion is legally insufficient. For that reason, the Motion is denied. The standard for disqualification of a judge is established by 28 U.S.C. §§ 144 and 455. Section 144

Page 2 – OPINION & ORDER

permits a party seeking disqualification to file a "timely and sufficient affidavit" setting forth "the facts and reasons" for the party's belief that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both 28 U.S.C. §§ 144 and 145 is the same: "Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez,* 109 F.3d 1450, 1453–54 (9th Cir. 1997) (quoting *Studley,* 783 F.2d at 939). It is well-established that the term "personal bias or prejudice" as used in the recusal statutes applies only to "personal" as distinguished from "judicial" bias. *United States v. Sullivan,* No. CR 17-00104 JMS, 2019 WL 8301087, at *2 (D. Haw. Sept. 24, 2019). That is, "the alleged bias must stem from an 'extrajudicial source.'" *Hernandez,* 109 F.3d at 1453–54 (quoting *Liteky v. United States,* 510 U.S. 540, 554–56 (1994)). "Judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* (alterations normalized). "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (alterations normalized).

Plaintiff alleges that Judge Aiken is biased against him. Plaintiff alleges that between July 2016 and May 2020, when Plaintiff appeared as either a criminal defendant or an inmate before the Judge, she:

Page 3 – OPINION & ORDER

(1) "made hostile and dismissive comments" "(not "IF" I am going to jail) but, "When" she will put me in jail[;]"

(2) "revoked her order which prevented me from having shoulder replacement surgery, available only in India;"

(3) made comments antagonistic to Plaintiff's case to the US District Attorney in charge that were allegedly relayed to Plaintiff via his attorney.

Pl. Mot. at 2.

Plaintiff also alleges that the Judge dismissed his wife's civil complaint in an unrelated matter and that the dismissal resulted from the Judge's hostility toward Plaintiff. *Id.*

Plaintiff does not allege any "extrajudicial source" for Judge Aiken's alleged bias. Each instance of alleged bias occurs in a judicial setting. Nor does Plaintiff allege sufficient facts to support that Judge Aiken ever demonstrated such "deep-seated antagonism" to make fair judgment impossible. Accordingly, Plaintiff's allegations of bias are insufficient to support a Motion to Recuse. For that reason, the Court need not refer the Motion to a different judge for decision.

Page 4 – OPINION & ORDER

## CONCLUSION

For the reasons explained above, Plaintiff's Motion to Recuse, ECF No. 8, is DENIED.  Plaintiff's Motion for leave to file a proper IFP application and to amend his complaint, ECF No. 9, is GRANTED.  Plaintiff shall have 14 days from the date of this Order to file a proper IFP application and an amended complaint.  Plaintiff is advised that failure to file the documents within the allotted time will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___5th___ day of June 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge